# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE CONDON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>PEOPLE OF STATE OF CALIFORNIA,<br><br>　　　　Respondent. | Case No.: 1:13-cv-00792 GSA HC<br><br>ORDER DENYING MOTION FOR STAY WITHOUT PREJUDICE<br><br>ORDER GRANTING LEAVE TO NAME A PROPER RESPONDENT<br><br>ORDER DISMISSING CLAIM |

Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. She has consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c).

On April 5, 2013, Petitioner filed a petition for writ of habeas corpus in the Sacramento Division of this Court. On May 13, 2013, Petitioner filed a first amended petition along with a motion to stay the petition pending exhaustion of state remedies. Because the amended petition challenges a conviction out of Tuolumne County, the matter was transferred to the Fresno Division on May 24, 2013, and received in this Court.

## DISCUSSION

I.　　Preliminary Review of Petition

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears

1

from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir.1971).

II.     Motion for Stay

A district court has discretion to stay a petition which it may validly consider on the merits. Rhines v. Weber, 544 U.S. 269, 276 (2005); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1102 (1997).  However, the Supreme Court has held that this discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Rhines, 544 U.S. at 276.  In light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances" and "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust h[er] claims first in state court." Id. at 277.  Even if Petitioner were to demonstrate good cause for that failure, "the district court would abuse its discretion if it were to grant him a stay when h[er] unexhausted claims are plainly meritless." Id.

Petitioner sets forth two claims in her amended petition and she states these two claims have been exhausted.  She asks that the amended petition be stayed while she returns to state court to exhaust additional claims.  However, Petitioner fails to identify the additional claims.  Thus, the Court cannot conduct the necessary inquiry to determine whether the claims are plainly meritless.  Moreover, she fails to demonstrate good cause for a stay.  She does not state why she failed to present her claims to the state court prior to filing her federal petition.  Accordingly, the motion for stay will be denied without prejudice.

III.    Failure to Name a Proper Respondent

Petitioner names the People of the State of California as Respondent.  A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of her as the respondent to the petition.  Rule 2(a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir.1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an incarcerated petitioner is the warden of the prison

in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  However, the chief officer in charge of state penal institutions is also appropriate.  Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360.  Where a petitioner is on probation or parole, the proper respondent is her probation or parole officer and the official in charge of the parole or probation agency or state correctional agency.  Id.

Petitioner's failure to name a proper respondent requires dismissal of her habeas petition for lack of jurisdiction. Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir. 1970); see also Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd Cir.1976). However, the Court will give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent, such as the warden of her facility.  See West v. Louisiana, 478 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc) (allowing petitioner to amend petition to name proper respondent); Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968) (same).  In the interests of judicial economy, Petitioner need not file an amended petition.  Instead, Petitioner may file a motion entitled "Motion to Amend the Petition to Name a Proper Respondent" wherein Petitioner may name the proper respondent in this action.

IV.     Dismissal of Claim

Petitioner presents the following two claims in her amended petition: (1) She claims the prosecutor committed misconduct by failing to disclose information; and (2) She alleges the appellate opinion contained an error in the recitation of facts.

The basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless she is "in custody in violation of the Constitution."  28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

(emphasis added).  See also Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a

person in custody upon the legality of that custody . . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of her claim in state court

> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

In the instant case, with respect to her second claim for relief, Petitioner fails to state a cognizable federal claim. She claims the appellate opinion contained an error in the recitation of facts; however, she fails to state how this error in any way violated her constitutional rights. Therefore, the claim will be dismissed.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) Petitioner's motion for stay and abeyance is DENIED WITHOUT PREJUDICE;

2) Petitioner is GRANTED thirty (30) days from the date of service of this order to file a motion to amend the petition to name a proper respondent. Petitioner is forewarned that failure to comply will result in dismissal of the petition; and

3) Ground Two is DISMISSED from the amended petition.

IT IS SO ORDERED.

Dated:  **June 18, 2013**          **/s/ Gary S. Austin**
                            UNITED STATES MAGISTRATE JUDGE