UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE CONDON,<br><br>          Petitioner,<br><br>     v.<br><br>TAMARA KABBAN-MILLER, Warden,<br><br>          Respondent. | 1:13-cv-00792 GSA HC<br><br>ORDER GRANTING MOTION TO AMEND PETITION<br><br>ORDER DIRECTING CLERK OF COURT TO CHANGE NAME OF RESPONDENT<br><br>ORDER GRANTING MOTION FOR STAY AND ABEYANCE<br><br>[THIRTY DAY DEADLINE] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. She has consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

On May 13, 2013, Petitioner filed a First Amended Petition along with a motion to stay the petition pending exhaustion of state remedies. After conducting a preliminary review of the petition, the Court determined that Petitioner had failed to name a proper respondent. In addition, the Court found Petitioner had failed to demonstrate good cause for a stay. Petitioner was granted an opportunity to amend the petition to name a proper respondent, and her motion for stay was denied without prejudice. On July 22, 2013, Petitioner filed the instant motion to amend the petition. She also renews her motion for stay and abeyance.

1

**DISCUSSION**

I.      Motion to Amend

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of course, and thereafter only with leave of court or consent of the opposing party. Leave of court should freely be given when justice so requires. See Fed. R. Civ. P. 15. In this case, Petitioner seeks to amend her petition to name Tamara Kabban-Miller, the warden at her institution, as the respondent in this matter. Since the warden is the proper respondent in a habeas action, her motion will be granted. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.1992). Petitioner also seeks to amend her petition to include six additional claims. Insofar as leave should freely be given and Respondent has not yet filed an answer to the petition, the motion to amend will be granted. However, the sixth claim Petitioner seeks to include has already been dismissed by this Court. Therefore, that claim is disregarded.

II.     Motion for Stay and Abeyance

Petitioner renews her motion for stay and abeyance. A district court has discretion to stay a mixed petition and allow the petitioner to return to state court to exhaust her state remedies. Rhines v. Weber, 544 U.S. 269, 277 (2005); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir.1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir.1997). However, the Supreme Court has held that this discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Rhines, 544 U.S. at 277. In light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances" and "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 277.

In this case, the Court finds good cause to grant the motion for stay. Petitioner states she was ill and undergoing interferon therapy from December of 2011 to May of 2012. Further, she states she was not provided a copy of the record by appellate counsel until after the direct appeal. In addition, it appears that Petitioner was acting with due diligence. Petitioner states the California Supreme Court denied her petition for review on November 14, 2012. She then filed in federal court on April 5, 2013. She has also filed a petition in the Tuolumne County Superior Court to exhaust her state remedies.

Based on the alleged date of the California Supreme Court's denial, Petitioner appears to be within the statute of limitations. Accordingly, it appears that Petitioner has not intentionally or unduly delayed. Good cause having been shown, the Court will grant a stay of the proceedings so Petitioner can complete exhaustion of the additional claims.

However, the Court will not indefinitely hold the petition in abeyance. Rhines, 544 U.S. at 277. Petitioner must diligently pursue her state court remedies. She is directed to file a status report within thirty (30) days of the date of service of this Order, and she must file a status report every ninety (90) days thereafter advising the Court of the status of the state court proceedings. Following final action by the state courts, Petitioner will be allowed thirty (30) days to file a motion to lift the stay. Failure to comply with these instructions and time allowances will result in this Court vacating the stay nunc pro tunc to the date of this order, and dismissal of the unexhausted claims. Rhines, 544 U.S. at 278.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) Petitioner's motion to amend is GRANTED;

2) The Clerk of Court is DIRECTED to change the name of Respondent to Tamara Kabban-Miller;

3) Petitioner's motion for stay is GRANTED; and

4) Petitioner is DIRECTED to file a status report within thirty (30) days of the date of service of this Order, and then every ninety (90) days thereafter. Following final action by the California Supreme Court, Petitioner is DIRECTED to notify the Court by filing a motion to lift the stay.

IT IS SO ORDERED.

Dated: __**July 24, 2013**__          __/s/ Gary S. Austin__
                                       UNITED STATES MAGISTRATE JUDGE