# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE A. CONDON,<br><br>  Petitioner,<br><br>  v.<br><br>KIMBERLY HUGHES[1], Warden,<br><br>  Respondent. | Case No. 1:13-cv-00792 GSA HC<br><br>ORDER GRANTING PETITIONER'S MOTION TO AMEND AND FILE SECOND AMENDED PETITION [Doc. #25]<br><br>ORDER DISMISSING GROUND SIX FROM THE SECOND AMENDED PETITION<br><br>ORDER DENYING MOTION FOR EVIDENTIARY HEARING [Doc. #23] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. She has consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

**BACKGROUND**

Petitioner is in custody of the California Department of Corrections and Rehabilitation at the California Institute for Women in Corona, California, pursuant to a 2011 conviction sustained in Tuolumne County Superior Court for transportation and sale of heroin, transportation and importation of methamphetamine, and three counts of simple possession. On June 29, 2011, she was sentenced to serve fifteen years and eight months in state prison.

---

[1] Pursuant to Fed. R. Civ. P. 25, the Court hereby substitutes Kimberly Hughes, the current Warden of Petitioner's institution, as Respondent in this matter.

Following a stay of the proceedings, on April 23, 2014, Petitioner filed a motion to amend, a motion for evidentiary hearing, and a Second Amended Petition. The Second Amended Petition presents the following six claims for relief: (1) Prosecutorial misconduct based on a failure to disclose exculpatory evidence in a timely manner; (2) Use of evidence obtained by illegal search and seizure; (3) Ineffective assistance of counsel by both trial counsel and appellate counsel; (4) Use of perjured or false evidence by police officer; (5) Bias on the part of the trial judge; and (6) Jury failure to follow instructions.

## DISCUSSION

### I.     Motion to Amend

Pending before the Court is Petitioner's motion to amend the petition following exhaustion of state remedies. The Court's order of March 26, 2014, granted Petitioner leave to file a Second Amended Petition. Along with her motion to amend, Petitioner has filed her Second Amended Petition. Accordingly, Petitioner's motion to amend is granted.

### II.    Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

### III.   Failure to State a Cognizable Federal Claim – Ground Six

In the sixth ground for relief, Petitioner claims the jury failed to follow instructions by failing to fully review all of the facts. Petitioner cites Jury Instruction #301 which requires that before the jury can conclude that the testimony of one witness proves a fact, the jury should carefully review all of the evidence. See Second Amended Pet., Ex. B. Petitioner notes that the

jury made only one written request with the trial court and that was for the testimony of witness Kyna Kulp. Id. Petitioner concludes that the jury therefore considered only the testimony of Kyna Kulp, in violation of the jury instruction.

The claim is completely conclusory and without foundation. First, Petitioner offers no support for her conclusion that the jury did not consider any other evidence but the testimony of Kulp. A jury request for readback or the transcript of a witness's testimony does not mean that the jury considered only that evidence in rendering its decision. Petitioner's argument to the contrary is untenable.

Petitioner also raises issues concerning Kulp's credibility and reliability. She claims the jury should have disregarded her testimony. However, the determination of a witness's credibility is strictly the province of the jury. There is no federal claim for relief where Petitioner merely disagrees with the weight accorded by the jury to a witness's testimony.

Therefore, the claim should be dismissed with prejudice.

IV.     Motion for Evidentiary Hearing

Petitioner has also filed a motion for evidentiary hearing. Rule 8(a) of the Rules Governing Section 2254 Cases provides that where a petition is not dismissed, "the judge must review the answer, any transcripts and records of state court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." In this case, Respondent has not yet filed a response and the Court is not in possession of the record. Petitioner's request is therefore premature. After Respondent files an answer and the state court record, the Court will at that time determine whether an evidentiary hearing is necessary. Therefore, Petitioner's motion will be denied.

///
///
///
///
///
///

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) Petitioner's motion to amend and file a Second Amended Petition is GRANTED;

2) Ground Six is DISMISSED from the petition; and

3) Petitioner's motion for evidentiary hearing is DENIED.

IT IS SO ORDERED.

Dated:   **May 8, 2014**                    **/s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE