UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE A. CONDON,<br><br>      Petitioner,<br><br>  v.<br><br><br>KIMBERLY HUGHES, Warden,<br><br>      Respondent. | Case No.  1:13-cv-00792 GSA HC<br><br>ORDER DENYING PETITIONER'S MOTION FOR ENTRY OF DEFAULT JUDGMENT<br><br>ORDER DENYING PETITIONER'S MOTION IN OPPOSITION OF REQUEST FOR RELIEF FROM DEFAULT<br>[Doc. #39] |

     Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  She has consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

     On August 8, 2014, Respondent filed a motion for relief from default and for an extension of time to file her response. On August 15, 2014, Respondent filed her answer. On August 18, 2014, the Court granted Respondent's second motion for extension of time to file a response to Petitioner's petition for writ of habeas corpus. On August 28, 2014, Petitioner filed a motion in opposition of Respondent's request for relief from default, and a motion for default for Respondent's failure to comply with court orders.

**DISCUSSION**

     Pending before the Court is Petitioner's motion for default judgment and motion in opposition of Respondent's request for relief from default.  Petitioner complains that Respondent has failed to timely comply with the deadlines set by the Court and that Petitioner is therefore entitled to default. The Court rejects this contention.  28 U.S.C. § 2241(c)(3) provides that the writ of habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of

1

the United States." 28 U.S.C. § 2243 provides that "the court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.  In <u>Townsend v. Sam</u>, 372 U.S. 293, 312, 83 S.Ct. 745 (1963), the Court said: "State prisoners are entitled to relief on federal habeas corpus only upon proving that their detention violates the fundamental liberties of the person, safeguarded against state action by the Federal Constitution."  The burden to show that he is in custody in violation of the Constitution of the United States is on Petitioner.  The failure of State officials to timely comply with the deadlines set by this Court does not relieve Petitioner of his burden of proof.  Default judgments in habeas corpus proceedings are not available as a procedure to empty State prisons. Therefore, the Court concludes that Petitioner is not entitled to default judgment. <u>Gordon v. Duran</u>, 895 F.2d 610, 612 (9th Cir.1990); <u>see also</u> <u>Bleitner v. Welborn</u>, 15 F.3d 652, 653 (7th Cir. 1994) (Respondent's failure to timely respond to petition does not entitle Petitioner to default.).

Moreover, the docket reflects that Petitioner's motions are moot.  On August 18, 2014, the Court granted Respondent to and including August 18, 2014 to file her response to Petitioner's petition for writ of habeas corpus.  As reflected in the docket, Respondent filed her answer on August 15, 2014.  Therefore, Petitioner's motions will be denied.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

(1) Petitioner's motion for default judgment is DENIED; and

(2) Petitioner's motion in opposition of request for relief from default is DENIED.

IT IS SO ORDERED.

Dated:  **September 18, 2014**            **/s/ Gary S. Austin**
                                  UNITED STATES MAGISTRATE JUDGE

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28