# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE CONDON,<br><br>    Petitioner,<br><br>    v.<br><br>A.W. Cox, Warden,<br><br>    Respondent. | Case No. 1:13-cv-00792-GSA (HC)<br><br>ORDER APPOINTING COUNSEL |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On April 23, 2014, Petitioner filed her second amended petition for writ of habeas corpus. (ECF No. 26). On April 30, 2014, the Court denied Petitioner's motion to appoint counsel because it did not find that the interests of justice required the appointment of counsel at that time. (ECF No. 27). Subsequently, Respondent filed an answer to the petition and Petitioner filed a traverse. The Court now reviews whether to appoint counsel to Petitioner at this time.

There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958); Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984). However, Title 18 U.S.C. 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." See Rule 8(c), Rules

Governing Section 2254 Cases. The court should only appoint counsel under "exceptional circumstances" and after evaluating the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. See Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986).

In the present case, the Court has reviewed the record and finds that the interests of justice would be served by the appointment of counsel at this time due to Petitioner's indigency and given the complexity of the issues involved with respect to Petitioner's third claim for relief that her trial and appellate counsel were ineffective. Accordingly, in the interests of justice, the Court grants Petitioner's motion for appointment of counsel. Pursuant to General Order No. 186 of the Eastern District of California, which is the amended Federal Defender Plan for the Eastern District of California, the matter will be referred to the Federal Defender's Office to find Petitioner counsel. Counsel shall file a supplemental traverse regarding Petitioner's third claim for relief.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner is granted the appointment of counsel;
2. The matter is hereby referred to the Federal Public Defender's Office to find counsel for Petitioner;
3. The Clerk of the Court is directed to serve a copy of this Order on the Federal Defender Attention: Habeas Appointment;
4. Appointed counsel shall file a notice of appearance with this Court within **twenty (20) days** of the date of service of this order and counsel shall contact the Clerk's Office to make arrangements for copies of any relevant documents;
5. Within **forty-five (45) days** from the date that counsel is appointed, Petitioner's

counsel shall file a supplemental traverse with respect to Petitioner's third claim for relief; and

6. Respondent may file a reply to Petitioner's supplemental traverse within **thirty (30) days** of the date Petitioner's supplemental traverse is filed.

All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court.  Local Rule 230(l).  **Extensions of time will only be granted upon a showing of good cause.**  All provisions of Local Rule 110 are applicable to this order.

IT IS SO ORDERED.

Dated:   **July 21, 2015**                                     **/s/ Gary S. Austin**
                                                                            UNITED STATES MAGISTRATE JUDGE