# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE A. CONDON,<br><br>          Petitioner,<br><br>     v.<br><br>KIMBERLY HUGHES,<br><br>          Respondent. | Case No. 1:13-cv-00792-EPG-HC<br><br>ORDER GRANTING PETITIONER'S REQUEST TO ACCESS SEALED SEARCH WARRANT AFFIDAVIT<br><br>(ECF No. 71) |

Petitioner is a state prisoner, represented by counsel, proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 3, 2016, the Tuolumne County Superior Court ordered that Exhibit B to Search Warrant No. CRS 34562 be forwarded under seal to the undersigned in this matter. On April 4, 2016, Petitioner requested that the sealed document be provided to counsel under protective order so that Petitioner may file further pleadings in support of her claim of ineffective assistance of counsel. (ECF No. 71).

There is a common law right "to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978). The Ninth Circuit has held that the public has a qualified common law right of access to warrant materials after an investigation has ended. United States v. Bus. of Custer Battlefield Museum & Store, 658 F.3d 1188, 1194 (9th Cir. 2011). When the common law right of access applies, "a 'strong presumption in favor of access' is the starting point." Kamakana v. City &

Cty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003)). The Court "must 'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret." Kamakana, 447 F.3d at 1179 (alteration in original) (quoting Foltz, 331 F.3d at 1135). After considering these interests, if the Court determines to restrict access, it "must 'base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.'" Bus. of Custer Battlefield Museum, 658 F.3d at 1195 (quoting Kamakana, 447 F.3d at 1179).

Here, the affidavit was sealed based on the detective's declaration that "if the identity of these informants becomes known as a result of their affidavit being made public, such disclosure will greatly endanger the safety of that informant and will impair his/her usefulness to law enforcement." (ECF No. 76 at 7).[1]  The Court finds that this basis provides good cause to continue to seal the affidavit from the public and Petitioner.

After considering the parties' written submissions and having heard counsel's arguments on the matter, the Court finds that allowing Petitioner's counsel access to the sealed search warrant affidavit with the following restrictions balances the competing interests of Petitioner in prosecuting her ineffective assistance of counsel claim and of the government in ensuring the safety of these informants and maintaining their usefulness in other investigations.

Accordingly, the COURT HEREBY ORDERS that:

1. The Clerk of Court is directed to docket the Tuolumne County Superior Court's order, dated March 3, 2016, and the Superior Court's minute order of the February 22, 2016 motion hearing.

2. The Clerk of Court is directed to docket UNDER SEAL Exhibit B to Search Warrant No. CRS 34562.

3. The Clerk of Court is directed to serve Exhibit B to Search Warrant No. CRS 34562 to counsel of Petitioner and counsel of Respondent.

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

4. Exhibit B to Search Warrant No. CRS 34562 may be used only by Ms. Phillips on behalf of Petitioner, and by Mr. Smiley and Mr. Eldridge on behalf of Respondent, in connection with these habeas proceedings and may be used only for purposes of any proceedings incident to the petition for writ of habeas corpus pending before this Court. Disclosure of the contents of Exhibit B to Search Warrant No. CRS 34562 and the document itself may not be made to any other persons, including Petitioner and Respondent, without an order from this Court. This order shall continue in effect after the conclusion of the habeas corpus proceedings.

5. Any copies of Exhibit B to Search Warrant No. CRS 34562 shall be destroyed within thirty (30) days of the conclusion of this litigation including any appeals. Counsel for Petitioner and counsel for Respondent shall certify in writing to the Court that said copies have been destroyed as ordered by the Court, within thirty (30) days of the conclusion of this litigation including any appeals.

6. During the course of the litigation and before destruction, any copies of Exhibit B to Search Warrant No. CRS 34562 shall be placed in a secured location from which others cannot have access.

7. Even after the termination of this litigation, the confidentiality obligations imposed by this order shall remain in effect until a court order otherwise directs.

8. Within seven (7) days of the date of service of Exhibit B to Search Warrant No. CRS 34562, Petitioner and Respondent may file briefs, if they so choose, with additional arguments, if any, not raised in previous written submissions or at oral argument. Said briefs shall not exceed three (3) pages.

IT IS SO ORDERED.

Dated: **June 13, 2016**           /s/ Erica P. Grosjean
                                   UNITED STATES MAGISTRATE JUDGE

3